UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER L. SATTLER,

    Plaintiff,                               CIVIL ACTION NO. 07-13952

    v.                                     DISTRICT JUDGE VICTORIA A. ROBERTS
                                        MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

\*   \*   \*

Plaintiff filed an application for Social Security disability insurance benefits on February 18, 2004, alleging that he had become disabled and unable to work on January 1, 2004, at age 48, due to gouty arthritis, knee pain and hypertension. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on August 22, 2006, before Administrative Law Judge (ALJ) B. Lloyd Blair. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of light work providing a sit-stand option, and not involving any ladder, scaffold or rope climbing. The ALJ concluded that the claimant should avoid temperature extremes and high humidity. The Appeals Council declined to review that decision and Plaintiff commenced the instant action

for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 51 years old at the time of the administrative hearing (TR 267). He had a ninth grade education, and had been employed during the relevant past as oil rig laborer (TR 76). As a rig handler from 1973 through 1999, he used various tools and repaired machines needed to drill for oil. Plaintiff did a lot of walking and standing. He had to constantly bend down and reach over his head. He was required to lift upwards of 50 pounds on a regular basis (TR 77).

Plaintiff owned a launderette from 1992 through the time of the ALJ's decision (TR 85). As a small business owner, he maintained the washing machines, swept and mopped the floor, and paid all the bills (TR 85, 94). The claimant also worked part-time at a ice cream shop owned by his brother. According to a letter written by his sister-in-law, dated July 24, 2006, Plaintiff's duties included grinding nuts, filing the cone rack and milkshake machines, picking up trash and washing down the sidewalks and parking area (TR 100).

Plaintiff testified that he was able to work at his brother's ice cream shop for about four to five hours a day, as long as his arthritic knees were not too painful (TR 268). Plaintiff estimated that he could usually stand for approximately 20 minutes, sit 15 minutes, walk about a block, and lift upwards of 15 pounds (TR 274). The claimant stated that his wife currently took care of the laundry business, but that he sometimes helped her with picking up the trash and mopping the floors (TR 278). Plaintiff added that he had been able to run the business all by himself between 1999 and 2001 (TR 288). The claimant's wife testified

that her husband could not read or write, but was able to maintain his own checkbook (TR 281, 284).

A Vocational Expert, Donald Hecker, classified Plaintiff's oil field work as very heavy, semi-skilled activity (TR 289). The witness testified that there were no jobs for claimant to perform if his testimony were fully accepted (TR 291). If he were capable of light work, however, there were numerous unskilled packaging, inspection and janitorial jobs that he could perform with minimal vocational adjustment (TR 290). These jobs provided a sit-stand option, but did not involve any ladder, scaffold or rope climbing. They did not expose the claimant to extreme temperatures or high humidity (TR 289).

## LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of gouty arthritis, knee pain and hypertension, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's periodic arthritic knee flare-ups limited him to jobs that provided a sit-stand option, and which did not require any ladder, scaffold or rope climbing. The Law Judge concluded that Plaintiff should avoid temperature extremes and high humidity. Nevertheless, he found that the claimant retained the residual functional capacity to perform a significant number of light jobs, as identified by the Vocational Expert.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial

3

evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that the ALJ did not adequately consider the effects of his alleged illiteracy, mild mental retardation[1] and obesity in making his residual functional capacity evaluation.  Defendant countered that the Law Judge reasonably assessed Plaintiff's

---

[1]Contrary to Plaintiff's assertion that his mental retardation was severe enough to meet section 12.05 of the Listing of Impairments, no evidence was presented that he had ever been  diagnosed as retarded.  The ALJ reasonably considered Plaintiff's IQ scores from Albion Public High School, the fact that he did not require special education services, and his ability to perform semi-skilled work on a full time basis since the age of 16, as evidence that the claimant did not have significant deficits in adaptive functioning prior to age 22.  In fact, Plaintiff indicated that he was still making management decisions and paying the bills for his laundry business at the time of his application for disability benefits (TR 95).

4

impairments, including any mental impairment, before concluding that he remained capable of performing a limited range of light work activity providing a sit-stand option.

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work providing a sit-stand option. Contrary to Plaintiff's assertion, the medical evidence did not support his allegation of totally disabling arthritic knee pain. Although Plaintiff was unable to walk after experiencing gouty arthritic knee pain during the winter of 2003, the condition was successfully controlled with medication (TR 122). A physical evaluation in May 2004, noted that the claimant enjoyed a full range of leg motion, had good muscle strength, and he did not experience any sensory or reflex abnormalities (TR 121-122).

The ALJ considered Plaintiff's allegations of illiteracy and reasonably found that it did not cause a significant limitation on his ability to perform unskilled work. The claimant admitted that he had been able to independently operate a laundry business for two years between 1999 and 2001, despite his alleged illiteracy (TR 288). Plaintiff attended school through the ninth grade, and the ALJ noted that the claimant had not required any special education services (TR 17, 146). Moreover, the claimant acknowledged in his application for disability benefits that he was able to read English and write more than his name (TR 84). Even if Plaintiff was found to be illiterate, the Medical-Vocational Guidelines ("the grid") would not mandate a finding of "disabled", given his semi-skilled work history as a oil rig handler and business owner/manager (See Rules 202.18 & 202.19 (applied to a

younger individual) and Rules 202.11 & 202.12 (applied to an individual who is closely approaching advanced age)).

As Plaintiff correctly points out, the ALJ did not reference claimant's apparent obesity in making his residual functional capacity evaluation. The Law Judge, however, relied on the opinion of a state agency physician, who opined that Plaintiff's weight would not interfere with his ability to perform a limited range of light work activity (TR 126). The ALJ also restricted claimant to jobs that provided a sit-stand option, and did not require any ladder, scaffold or rope climbing. There was no objective medical evidence suggesting that claimant's obesity required him to rest frequently throughout the day or that it caused other functional limitations.

Plaintiff relies heavily upon the fact that Gene Westervelt, a psychologist, opined, in July 2006, that he had severe cognitive limitations, was unable to understand verbal directions, and could not react to many everyday situations with reasonable speed or accuracy (TR 219). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since there was evidence in the record that was inconsistent with Dr. Westervelt's functional restrictions[2], his assessment

---

[2]The ALJ rejected the psychologist's assessment, setting forth persuasive reasons for doing so (TR 18). The ALJ noted that Dr. Westervelt was not a treating physician, but had only evaluated the claimant once to further his application for disability benefits (TR 15-16). Plaintiff's past work experience performing semi-skilled activity, including running a

**6**

need not have been given any special weight.  Miller v. Secretary, 843 F.2d 221, 224  (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d  211, 213 (6th Cir. 1986).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence.  Such observation is invaluable and should not be discarded lightly.  Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978).  See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous

---

business, undermines any allegation of severe cognitive limitations or an inability to understand verbal directions.  Finally, claimant's recreational activities, which included waterskiing, operating a boat and participating in a motorcycle rally, called into question his claim of mental retardation (TR 115, 217).

7

unskilled packaging, inspection and janitorial jobs that he could perform with minimal vocational adjustment (TR 290). These jobs provided a sit-stand option, and did not involve any ladder, scaffold or rope climbing. They did not expose the claimant to extreme temperatures or high humidity (TR 289). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity[3].

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the

---

[3]Even though the ALJ did not ask the VE whether his testimony was consistent with the vocational information found in the Dictionary of Occupational Titles (DOT), contrary to recently enacted Social Security regulations, such omission can be considered harmless error since Plaintiff does not allege that a conflict even exists. As pointed out by defendant, the DOT contains a roustabout position (oil and gas worker) which is consistent with the testimony of the VE. See DOT, Job Number 869.684046.

Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                 s/Donald A. Scheer
                                                 DONALD A. SCHEER
                                                 UNITED STATES MAGISTRATE JUDGE
DATED: April 14, 2008

_____

## CERTIFICATE OF SERVICE

     I hereby certify on April 14, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 14, 2008. **None.**

                                                 s/Michael E. Lang
                                                 Deputy Clerk to
                                                 Magistrate Judge Donald A. Scheer
                                                 (313) 234-5217